UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | **CASE NO. 5:14CR301-6** |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| **Marcus Houston,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

Pending before the Court is Defendant Marcus Houston's motion for early termination of his supervised release. Doc. 874. Upon review, the motion is DENIED.

Under § 3853(e)(1), this Court may terminate a qualifying defendant's supervised release only after it considers certain § 3553(a) factors and determines that termination is "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). For aid in interpreting § 3853(e)(1), the Sixth Circuit instructs this Court to look to an analogous provision in an adjacent section of the code. The Circuit has held that how it has interpreted § 3582(c)(2) is instructive for an approach to § 3583(e)(1). And in considering § 3582(c)(2), binding precedent has routinely and recently held that "the record must show that the district court 'reasoned through' [the defendant's nonfrivolous] arguments when ruling on a motion" even when the district court denies the defendant's motion. *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (quoting *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)). In these cases, this Court need not "articulate its analysis of each sentencing factor as

long as the record demonstrates that the court considered the relevant factors." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010).

The Court has considered the totality of the §3553(a) factors when reviewing Houston's motion. Houston has completed roughly 72 of his 96 months of supervised release without any formal violations. However, Houston's underlying conviction involved possession with intent to distribute cocaine. On May 23, 2024, Houston tested positive for marijuana use. On July 8, 2024, Houston tested positive for cocaine use. While Houston has subsequently tested negative for controlled substances, his positive screens as recently as last year suggest that continued supervision is necessary. However, the Court does applaud Houston for his efforts including obtaining full-time employment, volunteering to help the elderly in his community, and actively attending church. The Court is hopeful that is positive drug screens were a momentary lapse for Houston and he will continue on with his compliant behavior while under supervision. Accordingly, the motion for early termination is DENIED.

  IT IS SO ORDERED.

**August 18, 2025**                 */s/John R. Adams*
**Date**                        **John R. Adams**
                          **U.S. District Judge**